## MATTER OF O—

In Adjustment of Status Proceedings

*Designated by Commissioner February 14, 1989*

(1) The Legalization Appeals Unit will sua sponte reopen or reconsider a decision under section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255a (1988), when it determines that manifest injustice would occur if the prior decision were permitted to stand.

(2) A nonimmigrant exchange visitor is eligible for temporary resident status under section 245A of the Act if he establishes that he was not subject to the 2-year foreign residence requirement of section 212(e) of the Act, 8 U.S.C. § 1182(e) (1988), he fulfilled that requirement, or he received a waiver thereof.

(3) A finding that an applicant is subject to the 2-year foreign residence requirement of section 212(e) of the Act must be supported by the record because not all exchange visitors are subject to this requirement.

ON BEHALF OF APPLICANT:   Hyman Abrams, Esquire
                          277 Broadway, #503
                          New York, New York 10007

In a decision dated May 9, 1988, the Legalization Appeals Unit ("LAU") dismissed an appeal filed by the applicant on the grounds that she was subject to the 2-year foreign residence requirement under section 212(e) of the Immigration and Nationality Act, 8 U.S.C. § 1182(e) (1988), and therefore ineligible for temporary resident status under section 245A(a)(2)(C) of the Act, 8 U.S.C. § 1255a(a)(2)(C) (Supp. IV 1988). Subsequent to the dismissal, the applicant submitted further documentation claiming she is not subject to the provisions of section 212(e) of the Act.

The regulations do not permit the filing of a motion to reopen or reconsider a decision rendered in a proceeding under section 245A of the Act. 8 C.F.R. § 103.5(b) (1988). However, the LAU may "*sua sponte* reopen any proceedings conducted by that Unit." *Id.* Because the decision is final to the extent that it can only be reviewed within the context of a final order of deportation, section 245A(f)(1) of the Act, we will exercise the authority to reopen in a case if we determine that manifest injustice would occur if the prior decision were permitted to stand. The applicant here has requested that we reconsider our prior decision and has submitted a letter and additional documentation. In light of this additional in-

formation and the findings below, we will reopen this case and remand the record to the director, Regional Processing Facility.

The record establishes that the applicant was admitted to the United States on October 31, 1972, as a "J-1" nonimmigrant. The director, Regional Processing Facility, determined that the applicant was "subject to the two-year foreign residence requirement of Section 212(e) by virtue of the 'Skills List.'" The director also found the applicant had neither established that she had been granted a waiver of the 2-year foreign residence requirement nor that she had fulfilled the foreign residence requirement. Consequently, the director found the applicant ineligible for temporary resident status pursuant to 8 C.F.R. § 245a.2(b)(4) (1988). The LAU dismissed the appeal on the same grounds.

Subsequent to the dismissal, the applicant, through counsel, submitted a letter to the LAU claiming that she is not subject to the 2-year foreign residence requirement for two reasons. First, the applicant claims that she did not receive any financing from either the United States Government or her own government, the Philippines. Second, she claims that on the basis of the Country Skills List published by the Department of State in 1972, only registered nurses were subject to the 2-year foreign residence requirement. 37 Fed. Reg. 8099, 8112 (1972). The applicant claims she was not a registered nurse in a recognized nursing specialty and therefore was not subject to the foreign residence requirement by virtue of the Country Skills List.

In addition to the letter, counsel for the applicant has submitted an affidavit stating that three former or current Government officials concur with his conclusion that "all exchange visitors (J-1 visa holders) who came to the United States without any government funding prior to May 25, 1972, the effective date of the initial Exchange-Visitor Country Skills List, are not subject to the two-year foreign residence requirement." The Government officials are an Assistant General Counsel at the United States Information Agency, who is responsible for the management of the Exchange Visitor Program; a senior official at the Department of State who is responsible for the regulations and legislation of the Visa Office; and a former General Counsel of the Service.

Although this affidavit is submitted by counsel and not by the three current or former Government officials, it is considered only in light of the arguments set forth therein and not as an official statement from the Department of State or the United States Information Agency.

Section 245A(a)(2)(C) of the Act provides that a nonimmigrant exchange alien, as defined in section 101(a)(15)(J), is eligible for tem-

porary resident status if he establishes that he "was not subject to the two-year foreign residence requirement of section 212(e) of the Act or has fulfilled that requirement or received a waiver thereof." 8 C.F.R. § 245a.2(b)(4) (1988).

Thus, the threshold issue which must be addressed when adjudicating an application filed by an alien who entered the United States as a "J-1" nonimmigrant exchange visitor is whether the applicant was subject to the 2-year foreign residence requirement. Not all exchange visitors are subject to this requirement. There are three classes of exchange visitors subject to the 2-year foreign residence requirement. Sections 212(e)(i)-(iii) of the Act. First are those visitors whose participation in the program was financed in whole or in part, directly or indirectly, by the country of the visitor's nationality or last residence. Second are those visitors whose skills or professions appeared on the Country Skills List at the time of their admission. This list was originally promulgated by the Department of State on April 25, 1972. 37 Fed. Reg. 8099 (1972). The list was subsequently amended in 1978 and 1984. 43 Fed. Reg. 5910 (1978); 49 Fed. Reg. 24,194 (1984). Third are those visitors who came to the United States on or after January 10, 1977, to obtain graduate medical education or training.

In this case, the director determined the applicant was subject to the 2-year foreign residence requirement "by virtue of the Skills List." However, the director did not state which Country Skills List he used to make his finding. When the applicant entered the United States on October 31, 1972, the Country Skills List which was in effect was the original one published on April 25, 1972. 37 Fed. Reg. 8099 (1972). In that Country Skills List, exchange visitors who are nationals or residents of the Philippines were subject to the foreign residence requirement if their skills or professions were "[n]ursing, including *only* registered nurses in a recognized nursing specialty." 37 Fed. Reg. 8112 (1972). By contrast, the current Country Skills List for the Philippines lists "nursing" as a designated field of knowledge or skill. 49 Fed. Reg. 24,194, 24,227 (1984); 22 C.F.R. § 41.62 (1988). It is not clear to us whether the director used the 1972 or the 1984 skills list to determine whether the applicant was subject to the foreign residence requirement. This finding is critical in this case because the applicant may be able to rebut it by establishing that at the time she was admitted to the United States she was not a "registered nurse in a recognized nursing specialty."

The director, in his decision, did not determine whether the applicant entered the United States to participate in a program financed in whole or in part, directly or indirectly, by an agency of

the Government of the United States or by the Government of the Philippines. If the applicant did in fact participate in such a program she would be subject to the 2-year foreign residence requirement regardless of whether her occupation appeared on the Country Skills List. We note, however, that the applicant has the burden of establishing that she is not subject to the 2-year foreign residence requirement and that she is otherwise eligible for temporary resident status.

Accordingly, the case is reopened sua sponte and the prior decision is withdrawn. The case is remanded to the director for entry of a new decision consistent with the foregoing opinion.

**ORDER:** This case is reopened. The decision entered by this Unit on May 9, 1988, is withdrawn. The record is remanded for appropriate action and decision consistent with the foregoing opinion.