Murage M. NGATIA, Plaintiff—
Appellant,

v.

Eric H. HOLDER Jr., Attorney General
of the United States; et al.,
Defendants—Appellees.

No. 08–55358.

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 2009.*

Filed June 10, 2009.

Jaime Jasso, Esquire, Law Offices of Jaime Jasso, Westlake Village, CA, for Plaintiff–Appellant.

Kathryn L. Moore, Esquire, Trial, Lyle Davis Jentzer, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Defendants–Appellees.

Before: NOONAN, O'SCANNLAIN,
and GRABER, Circuit Judges.

MEMORANDUM **

Plaintiff Murage M. Ngatia appeals the district court's dismissal, for failure to state a claim, of his claims for relief under

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

28 U.S.C. §§ 1361 and 2201. Plaintiff seeks an order compelling government officials (Defendants here) to respond to his letter requesting that the Citizen and Immigration Service ("the agency") sua sponte reopen the case concerning his application for temporary resident status under 8 U.S.C. § 1255a. Reviewing de novo, *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir.2004), we affirm.

1. Plaintiff has not demonstrated entitlement to mandamus relief. "The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)). Here, there is no clear nondiscretionary duty to respond to a letter requesting that the agency sua sponte reopen the case. Such a requirement cannot be found in the permissive text of the regulation. *See* 8 C.F.R. § 103.5(b) (providing that the agency "*may* sua sponte reopen" a case (emphasis added)); *Barron v. Reich*, 13 F.3d 1370, 1375–76 (9th Cir.1994) (holding that a statute's use of the word "may," unlike the word "shall," generally confers discretion on the agency). Additionally, such a requirement would effectively nullify the regulation providing that "[m]otions to reopen a proceeding ... shall not be considered." 8 C.F.R. § 103.5(b). We disagree that the agency's decision in *In re O–*, 19 I. & N. Dec. 871, 871 (B.I.A.1989), is to the contrary. There, the agency stated that, on the facts of that case, it would reopen the case. Nowhere did it state that it would issue a decision on all letters suggesting that the agency sua sponte reopen a case.

2. Plaintiff's claim under the Administrative Procedure Act ("APA") fails for similar reasons. We may review an agency's "failure to act," 5 U.S.C. § 551(13), under 5 U.S.C. § 706(1), when a plaintiff requests the court to "compel agency action unlawfully withheld or unreasonably delayed." But the "only agency action that can be compelled under the APA is action legally *required.*" *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004). "Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*" *Id.* at 64, 124 S.Ct. 2373. As explained above, here, no discrete agency action is legally required.

3. We decline to reach any arguments not raised in Plaintiff's opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

**AFFIRMED.**